AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Richmond Division



FILED
OCT - 7 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

V.

JEFFRY PRICE ELLIOTT
a/k/a Jeffrey Price, et. al.,
Defendant.

Case Number: 3:13CR00085-001

USM Number: 20834-180

Defendant's Attorney:
Amy L. Austin, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to a One Count Criminal Information.

The defendant is adjudicated guilty of these offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 26 U.S.C. Sec. 7201 | Tax Evasion | Felony | 11/24/2008 | One |

    The defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    It is ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

10/03/2013
Date of Imposition of Judgment

/s/ REP
Robert E. Payne
Senior United States District Judge

October 7, 2013
Date

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case     Page 2 of 6
Sheet 2 - Imprisonment

Case Number:     3:13CR00085-001
Defendant's Name:     JEFFRY PRICE ELLIOTT

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: EIGHTEEN (18) MONTHS.

The Court recommends to the Bureau of Prisons that the defendant be allowed to participate in any substance abuse treatment and counseling that may be available where he is incarcerated if he is eligible to participate in the program and volunteers to do so.

The defendant is remanded to the custody of the United States Marshal until the probation office installs electronic monitoring equipment at the defendant's residence. Upon completion of the installation of the electronic monitoring equipment the probation office shall advise the United States Marshal of the completion at which time the defendant shall be released from custody wearing an electronic monitoring device.

The defendant shall remain at his place of residence and shall not leave without the prior approval of the probation officer, except to report to the probation office for substance abuse monitoring and testing, or to meet with his accountant, or for any medical emergency

The defendant shall maintain a telephone at his residence without party lines, telephone answering machines, a modem, "call forwarding", "caller ID", "call waiting", portable cordless telephone, or any other devices or services that may interfere with the proper functioning of the electronic monitoring equipment pending his self surrender to an institution to be designated by the Bureau of Prisons no later than 2:00 p.m. on October 29, 2013, as directed by the United States Marshal. He shall wear an electronic monitoring device, follow electronic monitoring procedures, and pay the cost of the monitoring as directed by the probation officer.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.


_____
UNITED STATES MARSHAL


By     _____
DEPUTY UNITED STATES MARSHAL

Case Number: 3:13CR00085-001
Defendant's Name: JEFFRY PRICE ELLIOTT

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS..

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation , it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  Page 4 of 6
Sheet 3A - Supervised Release

Case Number: 3:13CR00085-001
Defendant's Name: JEFFRY PRICE ELLIOTT

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the probation officer.

2) The defendant shall provide the probation officer with access to requested financial information.

3) The defendant shall participate in a program approved by the Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with the cost to be paid by the defendant, all as directed by the probation officer.

4) The defendant shall participate in a program approved by the Probation Office for mental health treatment, including residential inpatient treatment if necessary, with the cost to be paid by the defendant, all as directed by the probation officer.

5) The defendant shall pay the balance owed on any court-ordered financial obligations in monthly installments of not less than FIVE HUNDRED AND NO/100 ($500.00) DOLLARS, or of TWENTY-FIVE (25) PERCENT of his gross income, whichever is greater, beginning SIXTY (60) DAYS until paid in full.

6) As directed by the probation officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

7) The defendant shall participate in the Treasury Offset Program (TOP) as directed by the probation officer.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case                                                                  Page 5 of 6
    Sheet 5 - Criminal Monetary Penalties

Case Number:          3:13CR00085-001
Defendant's Name:     JEFFRY PRICE ELLIOTT

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $0.00 | $181,192.00 |
| **TOTALS:** | $100.00 | $0.00 | $181,192.00 |

No fines have been imposed in this case.
The Court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the restitution.

The restitution imposed herein shall be paid to the following victim:

The Internal Revenue Service-RACS-Attn: Mail Stop 6261, Restitution, 333 West Pershing Avenue, Kansas City, Missouri 64108 in the amount of $181,192.00.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 6 - Schedule of Payments

Page 6 of 6

Defendant's Name: **JEFFRY PRICE ELLIOTT**
Case Number: **3:13CR00085-001**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Lump sum payment of $181,292.00 due immediately, balance due in accordance with below:

Payment in equal monthly installments of $500.00, or of 25% of his gross income, whichever is greater, beginning SIXTY (60) DAYS after his term of Supervised Release begins over a period of years, to commence 60 days after release from imprisonment to a term of supervision.

The special assessment shall be due in full immediately.

The restitution shall be paid during the period of supervised released.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.